UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH JOSHUA MEYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00368-JMS-TAB |
| | ) |
| AMERICAN EXPRESS COMPANY, | ) |
| JPMORGAN CHASE BANK, NA, | ) |
| CAPITAL ONE, | ) |
| SYNCHRONY BANK, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON SEPTEMBER 23, 2024, TELEPHONIC STATUS CONFERENCE**

The Court held a telephonic status conference on September 23, 2024, to address a discovery dispute between Plaintiff Joseph Joshua Meyers and Defendant JP Morgan Chase Bank, NA. Parties appeared by counsel.

In advance of the conference, the parties provided submissions outlining their dispute. The Court reviewed those submissions and expressed concerns that Plaintiff's communications in particular were too heated and accusatory. In addition, the parties have not satisfied the meet and confer requirements of S.D. Ind. Local Rule 37-1. The "meet and confer" that the parties engaged in consisted primarily of an exchange of emails. "An electronic ultimatum is not a good faith attempt to resolve a discovery dispute. Rather, the local rule contemplates an actual meeting with a date, time, and place—whether by telephonic, videoconference, or (if counsel's location permits) preferably face-to-face." *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011). Although Plaintiff was willing to engage in an attorneys' conference to try to resolve the discovery disputes, Plaintiff

insisted that the meet and confer be recorded.  This is inappropriate.  The parties must confer, by phone or in person, within 14 days.

Based on the parties' submissions and the discussion at the September 23 conference, it appears Chase failed to provide a privilege log and may have been overly broad with its confidentiality designations.  In addition, Chase's relevance and unduly burdensome objections to Plaintiff's requests for production of policies and procedures related to Chase's identity theft program do not appear to be well taken.  The Court is hopeful that the meet and confer process, with the benefit of this entry, will give Chase the opportunity to re-evaluate its confidentiality designations and produce a privilege log that identifies any specific responsive documents withheld and the basis for doing so, in line with Fed. R. Civ. P. 34(b)(2)(C).  If Plaintiff is still not satisfied with Chase's discovery responses after these additional steps are taken, Plaintiff may file a motion to compel.

Date: 9/23/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email